REINALDO ROMERO SANTIAGO, lesionado y recurrido, *v.* FONDO DEL SEGURO DEL ESTADO, asegurador y recurrente.

*Número:* CE-87-720    *Resuelto:* 7 de marzo de 1990

*Calixto Juval Rivera,* abogado del recurrente; *Manuel De Jesús Mangual,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

Ante el reclamo del Administrador del Fondo del Seguro del Estado (Administrador) de que la Comisión Industrial de Puerto Rico (Comisión) había actuado sin jurisdicción al considerar, resolver y declarar con lugar la moción bajo la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, presentada por el obrero recurrido, le concedimos a éste un término para mostrar causa por la cual no deba expedirse el auto y revocarse la resolución. Ha comparecido el obrero recurrido para sostener que la Comisión tiene facultad para corregir sus errores.[1] Para ello invoca el Art. 10 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 11, que establece, en lo pertinente, que "la Comisión podrá motu proprio, o a solicitud de parte interesada, reconsiderar sus decisiones . . .". Ello es correcto pero no es suficiente para validar la actuación de la Comisión en este caso. Veamos su historial.

El 1ro de febrero de 1979 el Administrador decidió que el obrero padecía de hipertensión esencial, bloqueo de rama de-

---

[1] El extenso escrito del obrero trata de desviar la atención hacia la justeza de la segunda resolución, revocatoria de la anterior, al analizar la prueba para tratar de convencer de que la alegada condición emocional estaba relacionada con el trabajo y, por ende, era compensable.

recha y depresión reactiva, pero que todas estas condiciones eran "no relacionadas".

El obrero acudió a la Comisión la cual, luego de celebrar vista pública y efectuar todos los trámites requeridos en estos casos, adoptó el informe del Oficial Examinador[2] y confirmó en todas sus partes la decisión que emitiera el Administrador y, en consecuencia, desestimó el recurso apelativo. Esta decisión fue notificada el 28 de agosto de 1985. El último día hábil para ello, el obrero presentó un escrito de menos de una página titulado "Moción de reconsideración y solicitud de término para memorando". En los méritos, se limitó a señalar que las conclusiones de derecho no se ajustaban a la evidencia sometida en vista pública. Pidió treinta (30) días para someter memorando en apoyo de dicha posición. El memorial se presentó con fecha de 2 de octubre de 1985.[3] En su decisión de 23 de octubre de 1985 la Comisión rehusó reconsiderar por entender que "[l]os hechos probados en la presente reclamación son demostrativos de que la condición emocional y orgánica que adolece el obrero no son compensables . . .". Apéndice 6 de la Solicitud de revisión, pág. 21. También señala que la moción de prórroga para someter un memorando era improcedente. Esta decisión se notificó el 25 de octubre de 1985.

El 30 de octubre de 1985 el obrero presentó una moción informativa en la que solicitó que se tomara en consideración el susodicho memorial. El 11 de febrero de 1986 la Comisión dictaminó que no había nada que proveer en cuanto a tal moción.

■ El 28 de mayo de 1986, cuando ya habían transcurrido más de seis (6) meses desde que la decisión era final y

---

[2] El Oficial Examinador actuó a tenor con el procedimiento fijado por la Ley Núm. 15 de 9 de agosto de 1974 (11 L.P.R.A. sec. 11).

[3] Un parco escrito dedicado a argumentar sobre la prueba pericial presentada.

firme,[4] el obrero sometió una moción bajo la Regla 49.2 de Procedimiento Civil, *supra*, en la cual señala como único error que:

> La Honorable Comisión Industrial cometió error al no tomar en consideración el Memorial de Derecho radicado por la parte obrera en apoyo a la Moción de Reconsideración anteriormente radicada resultando su decisión en un fracaso de la justicia imperando de este modo las trabas procesales sobre la equidad y lo justo, máxime cuando por sus hechos el presente caso ameritaba una solución distinta. Apéndice 9 de la Solicitud de revisión, pág. 27.

La Comisión utilizó su facultad inherente como organismo administrativo para corregir motu proprio sus órdenes y resoluciones, reevaluó la prueba, se revocó y concedió al obrero la íntegra protección de la ley por la condición diagnosticada como "depresión neurótica con ansiedad". Erró.

█ Aparte de las facultades que le conceden la ley y el reglamento, la Comisión tiene, al igual que todos los organismos administrativos, el poder inherente de revisar sus decisiones. Para ello las partes tienen disponible el mecanismo equivalente al establecido en la Regla 49.2 de Procedimiento Civil, *supra*. *Cf. J.R.T. v. Missy Mfg. Corp.*, 99 D.P.R. 805 (1971). Recordemos que de acuerdo con el caso *Berríos v. Comisión de Minería*, 102 D.P.R. 228, 229–230 (1974), "[n]ada impide, sin embargo, que en casos apropiados se adopten normas de las Reglas de Procedimiento Civil para guiar el curso del proceso administrativo, cuando aquellos principios propicien la solución justa".[5] Pero al ejercer esa

---

[4] Es claro que la moción informativa no interrumpió término alguno.

[5] Es importante mencionar que la nueva Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, Ley Núm. 170 de 12 de agosto de 1988 (3 L.P.R.A. sec. 2101 *et seq.*), recoge en sus Secs. 3.5–3.15

facultad la agencia debe utilizar los mismos criterios que go-biernan el ejercicio de la discreción judicial.

■ En este caso estamos ante la misma situación pre-sente en *Olmeda Nazario v. Sueiro Jiménez*, 123 D.P.R. 294, 300–301 (1989), en el cual resolvimos que: "No se trata este caso de una sentencia en rebeldía o dictada por la incompare-cencia del recurrido. Ambas partes tuvieron oportunidad de presentar prueba para establecer sus reclamaciones y de-fensas. Lo que desean los recurridos es utilizar el mecanismo de relevo de sentencia para relitigar su caso al aducir de-fensas previamente renunciadas, todo ello en claro perjuicio de los recurrentes. Creemos que el tribunal de instancia abusó de su discreción al reabrir el caso."

■ Aquí el obrero recurrido trató de utilizar el meca-nismo de la Regla 49.2 de Procedimiento Civil, *supra*, en sus-titución del recurso de revisión ante este Tribunal para, a base de un tecnicismo de dudosa validez —derecho a que se considere su memorial de derecho—[6] soslayar toda la doc-trina y lograr que se alterara el resultado anterior. Es nece-sario distinguir la presente situación de la que se presentó en *Martínez v. Tribunal Superior*, 83 D.P.R. 717 (1961). En

---

(3 L.PR.A. secs. 2155–2165) algunos de los principios esbozados en las Reglas de Procedimiento Civil de 1979. Ejemplo de ello son la adopción del procedimiento de conferencia con antelación a la vista (Sec. 3.7 de la mencionada ley, 3 L.P.R.A. sec. 2157, y las Reglas 23–37 de Procedimiento Civil, 32 L.P.R.A. Ap. III); los mecanismos de descubrimiento de prueba (Sec. 3.8 de la mencionada ley, 3 L.P.R.A. sec. 2158, y las Reglas 23–34 de Procedimiento Civil, *supra*); los proce-dimientos de notificación de vista (Sec. 3.9 de la citada ley, 3 L.P.R.A. sec. 2159); los procedimientos en rebeldía (Sec. 3.10 de la citada ley, 3 L.P.R.A. sec. 2160, y la Regla 45 de Procedimiento Civil, 32 L.P.R.A. Ap. III), y los procedimientos de reconsideración (Sec. 3.14 de la citada ley, 3 L.P.R.A. sec. 2164, y las Reglas 52–54 de Procedimiento Civil, 32 L.P.R.A. Ap. III).

(6) No es necesario resolver si la Comisión Industrial de Puerto Rico puede conceder una prórroga para presentar un memorial en apoyo de una moción de reconsideración.

aquel caso se dijo que presentada fuera de término una moción de reconsideración de una resolución de la Administración de Estabilización Económica —fundada en que la Administración cometió error al dictar una orden que representaba para el casero pagar una suma substancial, la cual en derecho no procedía— dicha Administración tenía autoridad para reconsiderar tal resolución a base de la autoridad que le confería el Art. 5(d) de la Ley de Alquileres Razonables, 17 L.P.R.A. sec. 185(d). De ningún modo puede esta situación ser similar a la planteada ante nos. Aquí no existen razones que justifiquen la concesión de un remedio contra los efectos de la decisión administrativa. *Dávila v. Hospital San Miguel, Inc.*, 117 D.P.R. 807 (1986).

Tampoco procedía la moción bajo la Regla 49.2 de Procedimiento Civil, *supra*, ya que la misma fue sometida pasado el término de seis (6) meses que dispone en dicha regla, el cual, por analogía, es aplicable en los procedimientos administrativos.[7]

*Se dictará la correspondiente sentencia.*

El Juez Asociado Señor Negrón García no intervino.

---

[7] Por el resultado a que llegamos es innecesario emitir juicio sobre cuál de las dos (2) decisiones de la Comisión Industrial de Puerto Rico era la correcta. Sabido es que la moción bajo la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, no puede sustituir el mecanismo de reconsideración o revisión. *Olmeda Nazario v. Sueiro Jiménez*, 123 D.P.R. 294 (1989), y casos allí citados.