ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| LEOMAR ESTRADA CRUZ Y/O NORMA I. CRUZ RIVERA<br><br>Recurrido<br><br>V.<br><br>HÉCTOR SIERRA H/N/C BAYAMÓN AUTO COMPUTER<br><br>Recurrente | KLRA202400004 | Revisión Judicial procedente del Departamento de Asuntos del Consumidor<br><br>Caso Núm.: SAN-2019-0004587<br><br>Sobre: Relevo de Resolución |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm

**Figueroa Cabán, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de febrero de 2024.

Comparece el señor Héctor Sierra Manzano, en adelante el señor Sierra o el recurrente, mediante *Recurso de Revisión*, en el que nos solicita que dejemos sin efecto la *Resolución* del Departamento de Asuntos del Consumidor, en adelante DACo o el recurrido, en el caso SAN-2019-004587, dictada el 26 de diciembre de 2019. Mediante la misma, la agencia ordenó al recurrente devolverle la suma de dinero que había recibido del señor Leomar Estrada Cruz, en adelante el señor Estrada, más una indemnización en daños y los intereses correspondientes.

Por los fundamentos que expondremos a continuación, se confirma la resolución recurrida.

-I-

Surge de la copia certificada del expediente administrativo que el **6 de diciembre de 2019** se

Número Identificador

SEN2024_____

celebró la vista administrativa en el caso de epígrafe.[1]

En dicha ocasión, compareció el querellante, señor Estrada, y el señor José Torrón Martínez, Inspector del DACo. El señor Sierra no compareció. Al respecto, la jueza administrativa hizo la siguiente expresión: "En el expediente administrativo no hay correspondencia devuelta por el sistema de correo postal, por lo que se presume una debida notificación a ambas partes".[2]

Así las cosas, el foro recurrido formuló 28 determinaciones de hecho y concluyó que el recurrente "incurrió en prácticas y anuncios engañosos".[3] En consecuencia, le ordenó pagar al señor Estrada la cantidad de $5,422.22.[4] Esta *Resolución* se notificó el **27 de diciembre de 2019**, a la dirección de récord del DACo, *supra*.

Luego de varios trámites, que es innecesario relatar para adjudicar la presente controversia, el **29 de diciembre de 2023**, el señor Sierra presentó ante el DACo una *Solicitud de Relevo de Sentencia*.[5] Alegó, en síntesis, que el DACo carece de jurisdicción porque no fue notificado adecuadamente de la vista administrativa y como no es un taller de reparación de vehículos de motor, no le aplica la *Ley para Reglamentar el Negocio de Reparación de Bienes Muebles*, en adelante Ley Núm. 272-2000.

---

[1] SAN-2019-0004587.
[2] *Id*.
[3] *Id*.
[4] *Id*.
[5] *Id*.

En dicho contexto procesal, DACo declaró no ha lugar la *Solicitud de Relevo por Sentencia*.[6] Ello, previo a consignar que "había evaluado detenidamente" los expedientes de la *Querella* SAN-2019-0004587 y de la *Petición para Hacer Cumplir Orden*, SJ2022CV08934.[7]

Inconforme con dicha determinación, el señor Sierra presentó un *Recurso de Revisión* en el que alega que el foro recurrido incurrió en los siguientes errores:

> ERRÓ EL TRIBUNAL ADMINISTRATIVO DE DACO AL ATENDER UNA QUERELLA SIN JURISDICCIÓN AL AMPARO DE LA LEY PARA REGLAMENTAR EL NEGOCIO DE REPARACIÓN DE BIENES MUEBLES LEY NÚM. 272 DE 31 DE AGOSTO DE 2000, CUANDO EL NEGOCIO DEL RECURRENTE, BAYAMÓN AUTO COMPUTER ES UNA TIENDA DE VENTA DE COMPUTADORAS DE AUTOMÓVILES, (PIEZAS DE AUTOS) NO ES UN TALLER DE MECÁNICA, NO OFRECE EL SERVICIO DE REPARACIÓN DE VEHÍCULO DE MOTOR. LA RESOLUCIÓN QUE SE SOLICITA RELEVO FUE EMITIDA POR LCDA. MARIROSA ORTIZ MALDONADO, JUEZA ADMINISTRATIVA DE LA AGENCIA EN UNA ADJUDICACION FINAL EN EL CASO SAN-2019-004587; Y EN SU INCISO (2) DE LAS DETERMINACIONES DE HECHOS ES INCORRECTO AFIRMAR QUE LA PARTE QUERELLADA, HÉCTOR SIERRA H/N/C BAYAMÓN AUTO COMPUTER ES UN COMERCIO QUE SE DEDICA A LAS REPARACIONES MECÁNICAS DE VEHÍCULOS DE MOTOR.
>
> ERRÓ EL DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR EN ADELANTE (DACO) AL EMITIR UNA RESOLUCIÓN ADJUDICATIVA EN LA QUERELLA PRESENTADA CONTRA BAYAMÓN AUTO COMPUTER (QUE NO ES UN TALLER DE MECÁNICA) Y LA PARTE QUERELLADA, HÉCTOR SIERRA MANZANO QUIEN NUNCA RECIBIÓ POR CORREO ORDINARIO ENTRE LOS AÑOS DEL 2019 AL 2022, NOTIFICACIÓN DEL PROCEDIMIENTO, NI CITACIONES, NI LA NOTIFICACIÓN DE LA RESOLUCIÓN DEL CASO SAN-2019-004587, PORQUE FUERON ENVIADAS A UNA DIRECCIÓN POSTAL QUE YA NO LE PERTENECÍA AL RECURRENTE DESDE EL 2018.

El recurrido no presentó su escrito en oposición al recurso de revisión, por lo cual el recurso está perfeccionado y listo para adjudicación.

Luego de revisar las copias certificadas de los expedientes SAN 2019-0004587, SJ2022CV08934 y los

---

[6] *Id.*
[7] *Id.*

escritos de las partes, estamos en posición de resolver.

-II-

A.

La revisión judicial de las decisiones administrativas tiene como fin primordial delimitar la discreción de las agencias, para asegurar que ejerzan sus funciones conforme la ley y de forma razonable.[8] A esos efectos, la revisión judicial comprende tres aspectos, a saber: 1) la concesión del remedio apropiado; 2) la revisión de las determinaciones de hecho conforme al criterio de evidencia sustancial; y 3) la revisión completa y absoluta de las conclusiones de derecho del organismo administrativo.[9] Además, el tribunal debe determinar si la agencia, en el caso particular, actuó arbitraria o ilegalmente, o de manera tan irrazonable que su actuación constituyó un abuso de discreción.[10]

Ahora bien, es una norma firmemente establecida que las decisiones de los organismos administrativos gozan de deferencia por los tribunales y se presumen correctas.[11] Por ello, al revisar las determinaciones de las agencias administrativas los tribunales tienen gran deferencia en virtud de la experiencia en la materia y pericia de estos organismos.[12] No obstante, la deferencia judicial cede ante las siguientes

---

[8] *Fuentes Bonilla v. ELA,* 200 DPR 364 (2018); *Unlimited v. Mun. de Guaynabo*, 183 DPR 947, 965 (2011); *Empresas Ferrer v. ARPe*, 172 DPR 254, 264 (2007).
[9] *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 217 (2012); *Padín Medina v. Adm. Sist. Retiro*, 171 DPR 950, 960 (2007).
[10] *Batista, Nobbe v. Jta. Directores, supra,* pág. 216; *JP, Plaza Santa Isabel v. Cordero Badillo*, 177 DPR 177, 187 (2009); *Rivera Concepción v. ARPe*, 152 DPR 116, 122 (2000).
[11] *Borschow Hosp. v. Junta de Planificación,* 177 DPR 545, 566 (2009); *Martínez v. Rosado*, 165 DPR 582, 589 (2005).
[12] *Otero v. Toyota*, 163 DPR 716, 727 (2005); *Misión Ind. v. JCA*, 145 DPR 908, 929 (1998).

circunstancias, a saber: cuando la decisión no está basada en evidencia sustancial; cuando el organismo administrativo ha errado en la aplicación o interpretación de las leyes o reglamentos; cuando ha mediado una actuación arbitraria, irrazonable o ilegal; o cuando la actuación administrativa lesiona derechos constitucionales fundamentales.[13]

El Tribunal Supremo de Puerto Rico, en adelante TSPR, ha establecido que las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal si se basan en evidencia sustancial que obra en el expediente administrativo considerado en su totalidad.[14] Evidencia sustancial es aquella evidencia pertinente que "una mente razonable pueda aceptar como adecuada para sostener una conclusión".[15] Este estándar de revisión requiere que la evidencia sea considerada en su totalidad, esto es, tanto la que sostenga la decisión administrativa como la que menoscabe el peso que la agencia le haya conferido.[16] Ello implica que de existir un conflicto razonable en la prueba, debe respetarse la apreciación realizada por la agencia.[17] Esta revisión contra el expediente se basa exclusivamente en evidencia y materias oficialmente admitidas, en los asuntos sobre los que se tomó

---

[13] *Otero v. Toyota*, *supra*, pág. 729; *PCME v. JCA*, 166 DPR 599, 617 (2005).
[14] *OCS v. Point Guard Ins.*, 205 DPR 1005, 1027 (2020); *Asoc. Vec. H. San Jorge v. U. Med. Corp.*, 150 DPR 70, 75 (2000); Véase, Sec. 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, en adelante LPAU, Ley Núm. 30-2017 (3 LPRA sec. 9675).
[15] *Asoc. Vec. H. San Jorge v. U. Med. Corp.*, *supra*.
[16] *Assoc. Ins. Agencies, Inc. v. Com. Seg. PR*, 144 DPR 425, 437 (1997).
[17] *Otero v. Toyota*, *supra*; *Hilton v. Junta de Salario Mínimo*, 74 DPR 670, 687 (1953).

conocimiento oficial y en todo lo que surgió en la vista administrativa.[18]

En cuanto a las conclusiones de derecho, estas pueden ser revisadas en todos sus aspectos.[19] Sin embargo, esto no implica que los tribunales gocen de libertad absoluta para descartarlas.[20] Por el contrario, al revisar las conclusiones de derecho de una agencia administrativa, los tribunales tienen que examinar la totalidad del expediente y determinar si la interpretación es un ejercicio razonable de la discreción administrativa basado en la pericia particular, en consideraciones de política pública o en la apreciación de la prueba.[21] Rebasado dicho umbral, solo procede sustituir el criterio de la agencia por el del tribunal revisor cuando no exista una base racional para explicar la decisión administrativa.[22]

En síntesis,

Al revisar las interpretaciones y conclusiones administrativas, el tribunal debe hacer una evaluación independiente sobre la aplicación del derecho a los hechos que la agencia estimó pertinentes. Confrontado con un resultado distinto del obtenido por la agencia, el tribunal debe determinar si la divergencia responde un ejercicio razonable de la discreción administrativa fundamentado, por ejemplo, en una pericia particular, consideraciones de política pública, o la apreciación de la prueba que tuvo ante su consideración. **El tribunal podrá sustituir el criterio de la agencia por el propio sólo cuando no pueda hallar una base racional para explicar la decisión administrativa.**[23]

---

[18] *Com. de Seguros v. AEELA*, 171 DPR 514, 525 (2007).
[19] *Capó Cruz v. Junta de Planificación,* 204 DPR 581, 591 (2020); *Otero v. Toyota, supra,* pág. 729. Véase, además*, Super Asphalt v. Autoridad para el Financiamiento,* 206 DPR 803, 820 (2021).
[20] *Id.*
[21] *Otero v. Toyota, supra*, pág. 729; *Misión Ind. PR v. JP.*, 146 DPR 64, 134-135 (1998).
[22] *Capó Cruz v. Junta de Planificación, supra,* pág. 591.
[23] *Misión Ind. PR v. JP, supra.* (Énfasis suplido)

**B.**

La Regla 49.2 de Procedimiento Civil es "el mecanismo que tiene disponible una parte que interese solicitar al foro de instancia "el relevo de los efectos de una sentencia cuando esté presente alguno de los fundamentos allí expuestos".[24] Este mecanismo tiene un rol dual; por una parte, adelanta el interés de resolver los casos en sus méritos, haciéndose justicia sustancial, y por otra, les otorga finalidad a los pleitos.[25]

La referida regla dispone:

Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:

a. error, inadvertencia, sorpresa o negligencia excusable;

b. descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48 de este apéndice;

c. fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

d. nulidad de la sentencia;

e. la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

f. cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Las disposiciones de esta regla no serán aplicables a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en los incisos (c) o (d) de esta regla. La moción se presentará dentro de un

---

[24] *López García v. López García,* 200 DPR 50 (2018); *García Colón v. Sucn. González,* 178 DPR 527, 539 (2010); *De Jesús Viñas v. González Lugo,* 170 DPR 499, 513 (2007); *Náter v. Ramos,* 162 DPR 616, 624 (2004).
[25] *Id.*

término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta regla no afectará la finalidad de una sentencia, ni suspenderá sus efectos.[26]

Bajo estos mismos criterios que gobiernan el relevo de sentencia, "los foros administrativos pueden relevar a una parte de una decisión adversa".[27] Así lo estableció el TSPR en el contexto de un pleito con la Comisión Industrial. En lo aquí pertinente, concluyó que "[a]parte de las facultades que le conceden la ley y el reglamento, la Comisión tiene, al igual que todos los organismos administrativos, el poder inherente de revisar sus decisiones. Para ello las partes tienen disponible el mecanismo equivalente al establecido en la Regla 49.2 de Procedimiento Civil."[28]

Finalmente, aunque la solicitud de relevo de sentencia se debe interpretar de forma liberal a favor del promovente, no puede utilizarse para "abrir todo asunto previamente adjudicado", ni en sustitución de los recursos de revisión y reconsideración.[29]

-III-

En síntesis, el recurrente reitera los argumentos previamente esbozados en su *Solicitud de Relevo de Sentencia*, a saber, que el DACo carece de jurisdicción porque, en la medida en que el señor Sierra no opera un taller de mecánica, no le aplica la Ley Núm. 272-2000, y porque la notificación de la vista no fue adecuada.

---

[26] Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2.
[27] R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, 6.ª ed., San Juan, LexisNexis de Puerto Rico, Inc., 2017, pág. 463.
[28] *Romero Santiago v. FSE*, 125 DPR 596, 600 (1990).
[29] *Vega v. Emp. Tito Castro, Inc.*, 152 DPR 79, 87 (2000).

La decisión recurrida está basada en información que obra en el expediente administrativo. Veamos.

De la revisión del expediente de referencia surge que ninguna de las notificaciones enviadas por DACo fue devuelta por el United States Postal Service. Además, la dirección del recurrente, en la *Querella* número SAN-2019-0004587, lee: Urb. Lomas Verdes, Ave. Lomas Verdes N-14, Bayamón, Puerto Rico 00956. Esta misma dirección se incluye en uno de los recibos de Bayamón Auto Computer, negocio que opera el señor Sierra y que utilizó DACo como dirección de record.[30] A esta dirección se envió toda la correspondencia dirigida al recurrente durante el presente trámite administrativo, que como vemos, no fue devuelta. Del mismo modo, del expediente SJ2022CV08934 surge el certificado de incorporación de Bayamón Auto Computer, Inc., el cual contiene la misma dirección postal indicada en la *Querella*.

Conviene destacar que el TPI, luego de celebrar una vista evidenciaria en la que declararon dos funcionarios de DACo, encargados de diligenciar varias órdenes emitidas en el proceso de ejecución de la resolución impugnada, formuló la siguiente conclusión:

> **[N]o hay controversia en que DACO notificó la Resolución para la Querella SAN-2019-0004587, la cual no fue cumplida por el señor Sierra. Dicha Resolución fue notificada a la dirección provista como válida y correcta al consumidor… se trata de la misma persona y el mismo negocio visitado por los funcionarios del DACo… Lo cierto es que el Sr. Sierra no puede impugnar los procedimientos administrativos conforme a la información errónea suplida por ese al consumidor.** Énfasis suplido.

Así pues, del expediente se desprende que el DACo notificó toda correspondencia generada por el trámite

---

[30] SAN-2019-0004587.

administrativo de epígrafe a la dirección postal provista por el señor Sierra al querellante y que consideró el órgano administrativo como dirección de record. En cambio, el recurrente no presentó otra prueba que existiera en el expediente administrativo que menoscabara el valor probatorio de aquella en la que DACo fundamentó su resolución. Por consiguiente, es forzoso concluir que el recurrente no derrotó la presunción de validez de la *Resolución* recurrida.

**-IV-**

Por los fundamentos que expondremos a continuación, se confirma la resolución recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones