ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| RICKY LÓPEZ MARTIZ<br><br>Recurrente<br><br>v.<br><br>OFICINA DE ÉTICA GUBERNAMENTAL<br><br>Recurrida | TA2025RA00072 | *Revisión Judicial* Procedente de la Oficina de Ética Gubernamental<br><br>Caso Núm.: 22-13<br><br>Sobre: Violación a los incisos (b), (r) y (s) del Art. 4.2 de la Ley Orgánica de la Oficina de Ética Gubernamental de PR, Ley Núm. 1-2012, según enmendada |

Panel integrado por su presidente, el Juez Adames Soto, la Juez Aldebol Mora y el Juez Campos Pérez[1]

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de septiembre de 2025.

Comparece ante nos la parte recurrente, el Sr. Ricky López Martiz. Solicita la revocación de la *Resolución* emitida por la parte recurrida, la Oficina de Ética Gubernamental (OEG), suscrita por su director ejecutivo, el Sr. Luis A. Pérez Vargas. La decisión fue emitida el 20 de mayo de 2025 y notificada el día 22 del mismo mes y año. En el aludido pronunciamiento administrativo, la OEG desestimó la *Moción de relevo de Resolución* instada por el recurrente, bajo el fundamento de falta de jurisdicción.

**I.**

La presente causa se originó el 21 de abril de 2025, ocasión en que el señor López Martiz presentó una *Moción de relevo de Resolución.*[2] En esencia, luego de agotar todos los trámites administrativos y judiciales, el recurrente solicitó a la OEG que reabriera la investigación en su contra y tomara en consideración dos declaraciones juradas, correspondientes al Sr. Pedro Humberto Enriquez Guzmán y al Sr. Luis Ángel Luciano Ramos.[3]

---

[1] Mediante la Orden Administrativa OATA-2025-133 de 14 de julio de 2025, se designó al Hon. José Ignacio Campos Pérez en sustitución del Hon. Abelardo Bermúdez Torres, por éste haber dejado de ejercer funciones como Juez del Tribunal de Apelaciones.

[2] Véase, Apéndice Exhibit 1 del recurso, denominado *Documento Principal.*

[3] *Id.* En torno a las expresiones juradas, refiérase al *Informe del Oficial Examinador;* en particular, a las determinaciones de hechos 47 y 59, relacionadas con el señor Enriquez

La *Resolución* administrativa que se solicitó relevar fue **emitida el 29 de noviembre de 2023**; **y registrada al día siguiente**.[4] En el caso *OEG v. Ricky López Martiz,* (Caso Núm. 22-13), la OEG adjudicó que el recurrente incurrió en sendas violaciones a los incisos (b) y (r) del Artículo 4.2, 3 LPRA sec. 1857a (b) (r), que versa sobre las prohibiciones éticas de carácter general, de la Ley Núm. 1 de 3 de enero de 2012, *Ley Orgánica de la Oficina de Ética Gubernamental de Puerto Rico,* 3 LPRA secs. 1854-1860, (Ley Núm. 1-2012).[5] En síntesis, dichas infracciones respondieron a que el recurrente, como director regional de la Región Noroeste del Departamento de Recreación y Deportes (DRD), autorizó una trilogía de alojamientos en las instalaciones del Centro de Capacitación Deportiva y Recreativa (CECADER), de forma gratuita o con descuento en los cánones de arrendamiento, lo que provocó la pérdida de fondos públicos. Consecuentemente, se le impuso una multa global de $4,000.00 y una sanción de restitución ascendente a $2,920.00, al palio del Artículo 4.7 (c) de la Ley Núm. 1-2012, 3 LPRA sec. 1857f (c).

Surge del expediente que la *Resolución* que se requirió relevar fue objeto de un recurso de revisión judicial y el trámite de reconsideración posterior ante esta curia (KLRA202400037). Mediante la *Sentencia* de 12 de noviembre de 2024, confirmamos la decisión de la OEG.[6] Asimismo, de los autos se desprende que el señor López Martiz acudió al Tribunal Supremo (CC-2025-0011), el cual denegó expedir el auto de *certiorari* el 14 de febrero de 2025. El 21 de marzo de 2025, con notificación el día 24, el alto foro sostuvo su negativa a expedir, luego que el recurrente solicitara una primera y única reconsideración.

---

Guzmán, a la luz de la Ley Núm. 159 de 23 de julio de 1999, *Ley para Autorizar el Uso Gratuito de las Instalaciones Recreativas Gubernamentales a los Concilios de Puerto Rico de los "Boys Scouts" o "Girls Scouts of America,* 3 LPRA sec. 565 (a)(b); así como a los enunciados 19, 57-58, referentes al señor Luciano Ramos y al término de incumbencia de la exsecretaria del DRD, Sra. Adriana Sánchez Parés; y en general, a las aseveraciones 60-62. Apéndice I del recurso.

[4] Véase, Apéndice I del recurso. El recurrente solicitó una reconsideración de la decisión administrativa, la cual fue declarada no ha lugar, según notificado el 27 de diciembre de 2023.

[5] Se desestimó y archivó la infracción imputada del inciso (s) del mismo articulado.

[6] Véase, Apéndice II del recurso. El recurrente solicitó la reconsideración del dictamen apelativo, la cual fue declarada no ha lugar el 6 de diciembre de 2024.

Así las cosas, el **21 de abril de 2025**, el recurrente instó la *Moción de relevo de Resolución* que nos ocupa, fundamentada en los testimonios juramentados mencionados. Además, peticionó la celebración de una vista.[7] Al pedimento se opuso la parte recurrida.[8] Adujo que las declaraciones no constituían evidencia recién descubierta que el recurrente no hubiera podido obtener oportunamente. Rechazó también que la referida prueba pudiera variar la determinación final. Puntualizó, además, que el término fatal de seis meses para incoar el remedio de relevo comenzó a cursar en noviembre de 2023, por lo que ya había expirado.

El 22 de mayo de 2025, la OEG notificó la *Resolución* aquí impugnada,[9] en la cual se acogió los planteamientos de la parte recurrida. En suma, la OEG se declaró sin jurisdicción para atender la moción de relevo, toda vez que el plazo semestral había transcurrido y, por ende, se extinguió el derecho a solicitar el remedio. Por consiguiente, desestimó la petición de relevo.

No conteste, el señor López Martiz incoó una *Moción de reconsideración* el 3 de junio de 2025.[10] Alegó que la OEG tenía jurisdicción para recibir prueba que lo libraba de culpa, en referencia a los testimonios jurados. En respuesta, la parte recurrida notificó el 10 de junio de 2025 una *Resolución en reconsideración,* en la cual denegó la moción del recurrente.[11]

Inconforme todavía, el señor López Martiz presentó el recurso del título. Allí esbozó la comisión del siguiente error:

> ERRÓ Y ABUSÓ DE SU DISCRECIÓN LA OEG AL DECLARARSE SIN JURISDICCIÓN PARA ATENDER LA MOCIÓN DE RELEVO DE RESOLUCIÓN TODA VEZ QUE NO LE APLICA EL TÉRMINO JURISDICCIONAL DE LA REGLA 49.2 DE LAS REGLAS DE PROCEDIMIENTO CIVIL DE PUERTO RICO.

---

[7] Véase, Apéndice IV del recurso.
[8] Véase, Apéndice III del recurso.
[9] Véase, Apéndice Exhibit 2 del recurso, denominado *Resolución.*
[10] Véase, Apéndice V del recurso.
[11] Véase, Apéndice VI del recurso.

Luego de atendidos varios trámites interlocutorios,[12] la OEG compareció mediante el *Alegato de la parte recurrida.* Con el beneficio de ambas posturas, procedemos a esbozar el marco jurídico atinente.

**II.**

**A.**

Examinamos la *Resolución* del caso del epígrafe por virtud del Artículo 4.002 de la Ley Núm. 201 de 22 de agosto de 2003, según enmendada, *Ley de la judicatura del Estado Libre Asociado de Puerto Rico de 2003*, 4 LPRA sec. 24-25r (Ley Núm. 201-2003), el cual dispone, en lo pertinente, que el Tribunal de Apelaciones tendrá jurisdicción para revisar "como cuestión de derecho [...] las decisiones finales de los organismos y agencias administrativas". 4 LPRA sec. 24u; además, Art. 4.006 de la Ley Núm. 201-2003, 4 LPRA sec. 24y. En consonancia, la Ley Núm. 38 de 30 de junio de 2017, *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9601-9713, establece un procedimiento uniforme de revisión judicial a la acción tomada por un ente gubernamental al adjudicar un caso administrativo. En particular, la Sección 4.5 de la LPAUG, 3 LPRA sec. 9675, que versa sobre el **alcance de la revisión judicial**, estatuye que este tribunal intermedio sostendrá las determinaciones de hechos de las decisiones de las agencias, si se basan en evidencia sustancial que obra en el expediente administrativo; revisará en todos sus aspectos las conclusiones de derecho; y podrá conceder al recurrente el remedio apropiado si determina que a éste le asiste el derecho.

---

[12] El 18 de julio de 2025, el señor López Martiz, sin juramentar la petición, solicitó la inhibición de dos de los jueces que componen el presente Panel Especial: Hon. Nery Adames Soto y Hon. Waleska Aldebol Mora, al palio de la Regla 9 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 18-19, 215 DPR __ (2025); refiérase a la entrada 6 de SUMAC. Indicó que los juristas habían intervenido en su contra en el caso KLRA202400037. El 1 de agosto de 2025 notificamos nuestra denegación; entrada 7 de SUMAC. Mediante la Orden Administrativa OATA 2025-148, la solicitud se refirió a nuestra Secretaría para que procediera con el trámite de rigor; entrada 8 de SUMAC. Así, pues, el 27 de agosto de 2025, notificada al día siguiente, entre otros fundamentos, el Panel I de este Tribunal determinó que la petición era contraria a la política establecida por la Jueza Presidenta, Hon. Maite Oronoz Rodríguez, para este tipo de situación. Explicó que, de conformidad con la Orden Administrativa OAJP-2021-086 de 4 de noviembre de 2021, se dispuso que fuese un mismo panel de jueces el que atienda los diversos recursos o incidentes que un mismo caso pueda ir generando ante el Tribunal de Apelaciones; entrada 10 de SUMAC.

Según ha sido resuelto, las interpretaciones de las agencias "constituyen un acervo de experiencias y criterios informados a los cuales los tribunales y los litigantes bien [podemos] recurrir a modo de guía". *Vázquez Vázquez v. Consejo de Titulares,* 2025 TSPR 56, 215 DPR __ (2025). Claro está, al momento de revisar la valoración y razonabilidad de las decisiones administrativas adoptadas por las agencias del poder ejecutivo, los tribunales tenemos la obligación de ejercer un juicio independiente de las disposiciones legales para determinar si una agencia ha actuado o no dentro de los límites de su autoridad estatutaria, incluso en los casos de ambigüedad legislativa. Véase, *Loper Bright Enterprises v. Raimondo,* 144 S.Ct. 2244 (2024); 603 US __ (2024); *Vázquez v. Consejo de Titulares, supra.* Así, pues, **el norte al ejercer nuestra facultad revisora es el criterio de razonabilidad**. *Super Asphalt v. AFI y otro,* 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde,* 202 DPR 117, 127 (2019); *Torres Rivera v. Policía de PR, supra,* pág. 626; *Empresas Loyola v. Com. Ciudadanos,* 186 DPR 1033, 1042-1043 (2012).

**B.**

La Ley Núm. 1 de 3 de enero de 2012, *Ley Orgánica de la Oficina de Ética Gubernamental de Puerto Rico,* 3 LPRA secs. 1854-1860. (Ley Núm. 1-2012), cumple con el reclamo ciudadano de que los servidores públicos presenten "una imagen intachable y libre de cualquier conflicto, sin importar la Rama del Gobierno en la cual se desempeñan". *Exposición de Motivos,* Ley Núm. 1-2012. El estatuto propende a "un servicio público íntegro, con valores, que mantenga la confianza en sus instituciones y asegure la transparencia en las funciones oficiales". *OEG v. Martínez Giraud,* 210 DPR 79, 91 (2022). Por ello, el estatuto crea el ente gubernamental, con el fin de "promover y preservar la integridad de los servidores públicos y de las instituciones de nuestro Gobierno". *OEG v. Cordero, Rivera,* 154 DPR 827, 847 (2001).

En lo que compete a este caso, el Reglamento Núm. 9641, de 7 de enero de 2025 y efectivo el 7 de febrero de 2025, *Reglamento sobre políticas*

*de prevención y fiscalización de la Oficina de Ética Gubernamental de Puerto Rico*, **no contempla una disposición de relevo de resoluciones**. Sin embargo, el Artículo 7.20, *Disposiciones generales*, en el inciso (g), establece que, en situaciones procesales no previstas, la OEG podrá regular su práctica, en consideración a lo dispuesto en la LPAUG, las normas civiles o cualquier estatuto aplicable, siempre y cuando, sea compatible con las funciones y naturaleza de la agencia. A esos fines, no se descarta el mecanismo procesal de la moción de relevo a los procedimientos administrativos en la OEG.

Como se sabe, en nuestro ordenamiento jurídico, es norma asentada que **todo dictamen goza de una presunción de validez y corrección**. *Olmeda Nazario v. Sueiro Jiménez*, 123 DPR 294 (1989); *Ortiz Serrano v. Ortiz Díaz*, 106 DPR 445 (1977); *Cortés Piñeiro v. Sucn. A. Cortés*, 83 DPR 685, 690 (1961). Empero, existen circunstancias particulares en las que "nuestro ordenamiento procesal civil permite a una parte solicitar el relevo de los efectos de una sentencia previamente dictada en su contra". *López García v. López García*, 200 DPR 50, 59 (2018). Estas circunstancias son las que abarca la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2.

La Regla 49.2 de Procedimiento Civil, *supra*, autoriza al juzgador a relevar a una parte de un pronunciamiento adjudicativo por varios fundamentos; a saber: (a) error, inadvertencia, sorpresa o negligencia excusable; (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo ser descubierta a tiempo para solicitar un nuevo juicio; (c) fraude, intrínseco o extrínseco, falsa representación u otra conducta impropia de una parte adversa; (d) nulidad de la sentencia; (e) la sentencia ha sido satisfecha o renunciada; y (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. En el examen sobre la procedencia o no de una moción de relevo, el foro adjudicador no dilucida los derechos de las partes ni las controversias jurídicas de la causa, solamente debe **resolver si la parte promovente satisface o no los requisitos estatuidos**. El Tribunal Supremo ha opinado

que se debe examinar si el peticionario tiene una defensa legítima en sus méritos; el tiempo que media entre la sentencia y la solicitud del relevo; y el grado de perjuicio que pueda ocasionar a la otra parte la concesión de la petición de relevo de sentencia. *Reyes v. ELA et al.*, 155 DPR 799, 809-810 (2001) y los casos allí citados.

Ahora bien, la Regla 49.2 de Procedimiento Civil, *supra*, dispone categóricamente que la moción se debe presentar dentro de un término razonable, pero **en ningún caso después de transcurridos seis meses de haberse registrado la sentencia** u orden o haberse llevado a cabo el procedimiento. Huelga mencionar que el Tribunal Supremo ha acotado que **el tratamiento procesal a la moción de relevo que confieren los tribunales, por analogía, es aplicable en el ámbito administrativo**. *Romero Santiago v. FSE,* 125 DPR 596, 602 (1990). Por ello, salvo en los casos de nulidad,[13] una vez transcurridos los seis meses, "no puede considerarse una moción de relevo de sentencia". J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Publicaciones JTS, 2011, T. IV, pág. 1397. Por tanto, "**el término de seis meses para la presentación de la moción de relevo de sentencia es fatal**". (Énfasis nuestro). *Piazza v. Isla del Río, Inc.,* 158 DPR 440, 448 (2003); además, *García Colón v. Sucn. González*, 178 DPR 527, 562 (2010); *Náter v. Ramos,* 162 DPR 616, 625 (2004); *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 DPR 237, 243 (1996). *Sánchez Ramos v. Troche Toro,* 111 DPR 155, 157 (1981); *Municipio de Coamo v. Tribunal Superior*, 99 DPR 932, 937 (1971); *Srio. del Trabajo v. Tribunal Superior*, 91 DPR 864, 867 (1965). Ello así, porque las determinaciones adjudicativas, que son **finales y firmes**, no pueden estar sujetas a ser alteradas por tiempo indefinido. Véase, *Piazza v. Isla del Río, Inc., supra*, pág. 449. Es decir, la Regla 49.2 de Procedimiento Civil, *supra,* no constituye una "llave maestra" para reabrir controversias ni

---

[13] Véase, *HRS Erase v. CMT*, 205 DPR 689, 698-699 (2020); *Montañez v. Policía de Puerto Rico,* 150 DPR 917, 922 (2000).

es sustituta de un recurso de revisión o una moción de reconsideración. *Vázquez v. López*, 160 DPR 714, 726 (2003).

### III.

En la causa presente, el señor López Martiz alega que, al tratarse de un organismo administrativo, la OEG puede obrar de manera menos rigurosa que los tribunales en el tratamiento de la Regla 49.2 de Procedimiento Civil, *supra*. Indica que la parte recurrida incidió al apoyarse "indebidamente en una norma procesal que no les aplica al igual que los tribunales [...] con el propósito de cerrar la puerta a la verdad material y, con ello, a la justicia".[14] A tales efectos, exige que se considere la "nueva evidencia", sin "tecnicismos procesales que impiden la corrección de errores sustantivos".[15] Arguye que "acudió al Tribunal de Apelaciones y luego al Tribunal Supremo y fue solamente tras la denegatoria del máximo foro que se evidenció la necesidad de presentar ante la OEG la evidencia obtenida posteriormente".[16] No le asiste la razón.

Luego de un examen sereno del expediente, colegimos que la OEG no cometió el error imputado. Conforme con la letra inequívoca de la Regla 49.2 de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa, el término de seis meses para presentar la moción de relevo es fatal. El plazo comienza a transcurrir luego de registrada la determinación de la que se pretende solicitar el relevo. En este caso, la *Resolución* original fue emitida el 29 de noviembre de 2023 y registrada el 30 de noviembre de 2023. A partir de esta última fecha, comenzó a cursar el término de seis meses que establece la norma procesal. Sin embargo, el recurrente presentó la petición el 21 de abril de 2025; esto es, un año y casi cinco meses después de registrada la determinación administrativa. La tardanza sólo le es imputable al propio recurrente, quien reconoció que esperó hasta la denegación del Tribunal Supremo para presentar las declaraciones juradas de dos personas de

---

[14] Véase, el recurso de *Revisión Administrativa*, a la pág. 14.
[15] *Id.*, a la pág. 15.
[16] *Id.*, a la pág. 16.

quienes el señor López Martiz tenía constancia y conocimiento desde el procedimiento adjudicativo.

Independientemente que los procesos administrativos suelen ser más flexibles que en los tribunales, estimamos que la OEG actuó razonablemente y dentro de los parámetros legales, por lo que no incurrió en abuso de discreción al impartir el mismo tratamiento que, por analogía, correspondía dar al trámite de relevo tardío. *Romero Santiago v. FSE, supra.* Por lo tanto, es forzoso concluir que el señor López Martiz no satisfizo los requisitos estatuidos tal como dicta el ordenamiento jurídico antes esbozado. En consecuencia, la petición del recurrente no podía ser considerada en sus méritos.

**IV.**

Por los fundamentos antes expuestos, confirmamos la *Resolución* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones